Argued July 9, affirmed September 8, 1925.

# STATE *v.* G. J. HOHNSTEIN, ADAM BIHN, HENRY SCHWARTZ, NICK SPADY AND C. M. SENOSKY.

(238 Pac. 1112.)

**Bail—Undertaking for Bail Admitted by Defendants is not Void for Failure of Judge to Make "Indorsement" for Bail as Required by Code.**

1. Where an undertaking set out in complaint, the execution and filing of which was admitted by answer, specified the amount of bail money required, the failure of the judge to make a valid indorsement under Section 1474, Or. L., because of omission to specify any sum of money and made on indictment instead of on bench-warrant, does not make such undertaking void.

1. See 3 R. C. L. 35.

**Pleading—Admission of Accused to Bail Held Conclusively Implied Under Code from Defendant's Admission.**

2. In action for recovery of bail, where defendant's undertaking stating that an accused was admitted to bail for a specified sum was set out in complaint, and such undertaking recited its execution by defendant, but indorsement by judge was ineffective, the admission of such accused person to bail will be conclusively implied as from facts well pleaded under Section 798, Or. L., making truth of facts recited from a written instrument conclusive between the parties, and, there being no denial, offer of proof thereon was not necessary.

See (1) 6 C. J. 993 (Anno.). (2) 31 Cyc. 48, 678.

From Multnomah:  GEORGE W. STAPLETON, Judge.

Department 1.

AFFIRMED.

For appellants there was a brief over the names of *Mr. C. T. Haas* and *Mr. E. V. Littlefield,* with oral arguments by *Mr. Haas* and *Mr. Peter A. Schwabe.*

For respondent there was a brief over the name of *Mr. Stanley Myers,* District Attorney, with an oral argument by *Mr. George Mowry,* Deputy District Attorney.

BURNETT, J.—This is an action by the State of Oregon to recover the amount of five thousand dollars specified in an undertaking of bail filed in the Circuit Court of Multnomah County in a criminal action therein pending, in which one August Junge was indicted for the crime of larceny by bailee. Omitting the title of the criminal action, the attestation clause, the signatures of the defendants herein, the certificate of acknowledgment by the judge taking bail and the justification of the sureties, the undertaking in question reads thus:

"An indictment having been found on the 23rd day of April, A. D. 1920, in the Circuit Court for the County of Multnomah, Oregon, charging the defend-

ant with the crime of Larceny by Bailee upon which he has been duly admitted to bail in the sum of Five Thousand Dollars.

"We, G. J. Hohnstein, Adam Bihn, Henry Schwartz, Mike Spady, and C. M. Senosky, hereby undertake that the above named August Junge shall appear and answer the charge above mentioned in whatever Court it may be prosecuted, and shall at all times render himself amenable to the orders and process of the Court; and if convicted shall appear for judgment, and render himself in execution thereof, or if he fail to perform either of these conditions that we pay to the State of Oregon the sum of Five Thousand Dollars."

The complaint in the present action avers the finding and filing of the indictment, the issuance of a warrant of arrest and the apprehension of the defendant named therein. It is also alleged that while he was thus in the custody of the sheriff by virtue of the warrant, the present defendants executed and filed, in the Circuit Court where the indictment was pending, the undertaking here involved which was taken and acknowledged before the presiding judge of that court, and is copied in full in the complaint, whereupon the defendant named in the indictment was discharged from custody and allowed to go at large by virtue of such undertaking. The complaint recites further proceedings up to and including calling the criminal case for trial, the failure of the defendant to appear for trial and the order of court forfeiting his bail on May 11, 1921.

The defendant C. M. Senosky entered a general demurrer to the complaint. The other defendants, G. J. Hohnstein, Adam Bihn, Henry Schwartz and Nick Spady, answered admitting the indictment and arrest of the defendant in the criminal action and the execution, filing, and acknowledgment of the under-

taking, but denying all the other allegations of the complaint. Some affirmative matter in their answer was stricken out but no complaint is made on that point in this court. Subsequently it was stipulated that the case as against the defendant C. M. Senosky should abide the event of the action as to the other defendants and incur the same judgment, and the same arrangement was made respecting the decision to be made on appeal to this court.

1. The Circuit Court heard the parties on the issues formed by the pleadings and rendered a judgment against each of the five defendants for one thousand dollars, with interest thereon at 6 per cent per annum from May 11, 1921, the date of the forfeiture of the undertaking. There was also a joint judgment against all the defendants for the costs and disbursements of the action. The defendants Hohnstein, Bihn and Senosky appealed. It is not apparent to the writer how five several judgments regularly could have been entered on a joint undertaking, the execution of which was admitted, there being no defense except the general issue as to subsequent proceedings, but as the State of Oregon has not appealed, no further notice will be given to that feature.

The exordium of the printed argument in the brief of the appellants reads thus:

"Although there are numerous exceptions and assignments of error in the record of this case, we think it will not be disputed that there is only one question to be decided by this court, and that is: Was any valid bail bond given in this case?"

Further perusal of the brief discloses that the appellants hang their whole case on the theory, as stated by them, that on the indictment as returned,

the presiding judge made and signed the following indorsement: "The within defendant may be admitted to bail in the sum of —— Dollars" without inserting any amount of dollars in the blank. If this comprised the whole matter involved, judgment ought to be rendered for the defendants, because there is no authority in the statute for such an indorsement on the indictment. Section 1474, Or. L., declares that:

"If the crime charged in the indictment be bailable, the court upon directing the bench warrant to issue, must fix the amount of bail, and the clerk must endorse the same upon such warrant and sign it substantially as follows: 'The defendant is to be admitted to bail in the sum of —— dollars.' "

So far, therefore, as the decision must be made to depend on such an indorsement, it must be held that the one quoted is of no effect in this instance. The section above set out makes it the duty of the clerk, not the judge, to put the indorsement on the bench-warrant and not on the indictment.

2. We are not driven, however, to refinements based on any misprision of either the judge or the clerk. It is true that the complaint does not specifically, in so many words, state that the defendant was admitted to bail in any sum of money. But the initial pleading does set out *in haec verba* the undertaking, the execution and filing of which by the defendants is admitted by the answer. That instrument expressly recites that the defendant "has been duly admitted to bail in the sum of five thousand dollars."

As to the question of pleading, the rule is thus stated in 31 Cyc., at page 48:

"There need be no direct allegation of a fact which otherwise sufficiently appears, or of a fact which is necessarily implied from other averments. So where

terms are used which in their legal significance include other terms, the latter will be deemed to appear in the pleading, although only the former are actually used. And it need not in general be alleged that an act was lawfully done, where nothing to the contrary appears, since it will be presumed to have been done in a lawful manner. But it is not sufficient that a fact may be inferable from the facts pleaded, where it is not necessarily implied. And it has indeed been said that under the codes a fact must be pleaded unless the law raises a conclusive presumption of its existence from the facts stated. In many cases, under a rule of liberal construction, courts have held pleadings sufficient which only inferentially and by reasonable presumption contained material averments, but such inference or presumption does not take the place of a positive averment for all purposes, and if objection to such pleadings is made seasonably and properly, it will be sustained."

Under Section 798, Or. L., "the truth of the facts recited from the recital in a written instrument between the parties thereto" is deemed conclusive. The defendants themselves recite in their own undertaking that Junge was duly admitted to bail. Within the rule announced in the foregoing excerpt from 31 Cyc., the plaintiff has embodied in the complaint matter, well pleaded, from which the admission of the defendant to bail is necessarily and conclusively implied. This is beyond controversy when we remember that the defendants admit that they executed the undertaking and filed it in the Circuit Court. The fact having been thus well pleaded and that averment not having been denied there was no occasion for offering any proof on that point.

As for the remainder of the case, there is no dispute in the testimony about the failure of the de-

fendant to appear for trial and the consequent forfeiture of his bail.

The judgment of the Circuit Court is affirmed.

AFFIRMED.

McBRIDE, C. J., and RAND and COSHOW, JJ., concur.